## WILKE et ux. v. CITY OF BALLINGER et al.
### No. 7535.

Court of Civil Appeals of Texas. Austin.
Sept. 24, 1930.

Crager & Dickey, of Ballinger, for appellants.

C. P. Shepherd, of Ballinger, and Davidson, Doss & McMahon, of Abilene, for appellees.

BLAIR, J.

Appellants, J. H. Wilke and wife, sued appellees, the city of Ballinger and its officials, for specific performance of the city's written contract to purchase 136 acres of land for use in its waterworks system; and on ex parte hearing obtained an order restraining appellees from proceeding to condemn a part only of the 136 acres pending final judgment in the main suit. The temporary injunction was dissolved on a full hearing of appellees' motion, which action we sustain.

The appraisers appointed by the parties failed to reach and file a written unanimous report fixing the price to be paid for the land as required by the terms of the contract, which was attached to and made a part of appellants' pleadings. They did file a written report by which two of them valued the land at $20,000, and one valued it at $14,770. Appellants recognized that this report was not sufficient under the provisions of the contract and sought to meet the issue by alleging in answer to the motion to dissolve the injunction that a "verbal unanimous report" fixing the value of the land at $20,000 was made, accepted, and acquiesced in by the parties, thereby waiving the provisions that the report be in writing; and that after accepting the verbal unanimous report the city caused the written report to be filed showing a minority report, "for the sole purpose of defeating * * * the contract." The proof offered on this issue was that a unanimous verbal report fixing the value of the 136 acres at $20,000 was made by the appraisers in person to the mayor of Ballinger at his private office, who accepted same for the city, and that appellants' son accepted it on their behalf. If the mayor accepted the report, which he denied, he had no authority to do so, and no such authority was given him under the rule cited by appellants, "that a city may delegate certain detailed power of executive nature to its mayor." The power to waive the provisions in question of the writ-

ten contract was not of an executive nature, but of a contractual nature, and only officials authorized by law could bind the city in that regard. It is settled law in this state that an officer of a municipal corporation cannot bind his principal except upon actual authority, absent any question of estoppel. Articles 994—996, R. S.; Foster v. City of Waco, 113 Tex. 352, 255 S. W. 1104; City of Galveston v. Hutches (Tex. Civ. App.) 76 S. W. 214; Penn v. City of Laredo (Tex. Civ. App.) 26 S. W. 636; Indiana Road-Machinery Co. v. Sulphur Springs (Tex. Civ. App.) 63 S. W. 908; City of San Antonio v. Reed (Tex. Civ. App.) 192 S. W. 549. And the evidence is undisputed that neither the city nor any of its officials authorized to waive the written provisions in question of the contract acquiesced in or agreed to a verbal report of the commissioners; and no issue of estoppel was pleaded or raised by any evidence. In fact, the city later required a written report to be filed. It refused to accept appellants' proffered deed reciting $20,000 as consideration and to pay the $20,000 on demand, and was preparing to condemn a part only of the 136 acres when enjoined herein.

It is also settled law in this state that a contract which either expressly or impliedly calls for a unanimous written report or award of appraisers must be strictly conformed to, and that the "slightest departure has been ruled to be fatal to its validity." Owens v. Withee, 3 Tex. 161; Security Ins. Co. v. Kelly (Tex. Civ. App.) 196 S. W. 874; Beirne v. North Tex. Gas Co. (Tex. Civ. App.) 221 S. W. 301; 5 C. J. 96.

Our above conclusions render unnecessary a discussion of the other grounds upon which the injunction was dissolved, and we affirm the judgment of the trial court.

Affirmed.