THERMO PRODUCTS CO., et
al., Appellants,

v.

CHILTON INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 10–82–110–CV.

Court of Appeals of Texas,
Waco.

Jan. 27, 1983.
Rehearing Denied Feb. 24, 1983.

John Hand, Marlin, for appellants.

Robert Stem, Marlin, for appellee.

## OPINION

THOMAS, Justice.

This appeal is from a judgment denying Appellants specific performance of an option to purchase real property. The trial court disregarded the jury's finding and entered judgment non obstante veredicto for the Chilton Independent School District. We affirm the trial court's judgment.

On September 19, 1967, Appellant W.E. Lessing entered into a five-year lease with the Chilton Independent School District to rent a former school building and its surrounding 14.92 acres of land. The lease contained an option to purchase, which read as follows: "During the term of the lease, lessee shall have the option to purchase the property for the sum of $15,000.00, less any payments made under the terms of the lease". On July 11, 1972, the lease was renewed for an additional five-year period and included another option to purchase identical to the one quoted above, except that the purchase price was to be $10,000.00 instead of $15,000.00. Less than one month after the renewal, Lessing assigned an undivided one-half interest in the lease to Robert Rue, the principal owner of Corporate-Appellant, and authorized Rue as his agent to exercise the option.

Although the testimony of Robert Rue and Roger Collins, a former board member and former vice-president of the Chilton Independent School District, differ materially concerning what matters were discussed and where certain discussions took place, Rue testified that in late spring or early summer of 1977 he phoned Collins, that Collins came out to the site of the leased property, and on that occasion Rue told Collins that he was accepting the option. Rue also testified that he talked to Collins several times at a restaurant about his plans to buy the property. The Corporate-Appellant continued to occupy the property in question and continued to pay rent to Appellee, which Appellee accepted and deposited. In February of 1981, Appellant's attorney, John Malone, wrote a letter to the School Board to assert that Robert Rue had exercised the option in the lease

prior to its expiration, made a tender of $5500.00, and demanded specific performance. The record is silent on any tender of purchase money to Appellee by Appellants prior to February, 1981. Sometime in 1981, the corporation voluntarily vacated the premises.

The case was submitted to the jury on the following instructions and special issue:

"You are instructed that for a person to accept an option that has been heretofore granted such acceptance must be unequivocal, positive, without reservation and according to the terms and conditions of the option as originally written.

"You are instructed that an agent is one who acts on behalf of another under the latter's authority and for the latter's benefit.

"Do you find from a preponderance of the evidence that sometime prior to expiration of the 1972 lease-option to purchase agreement, Robert Rue, as agent for W.E. Lessing notified Roger Collins, a member of the Chilton Independent School District Board, that he accepted the option to purchase the property which is the subject matter of this law suit?

"Answer, 'We do so find', or 'We do not so find' ".

The jury answered, "We do so find". The trial court granted Appellee's motion for judgment non obstante veredicto, which alleged that there was no evidence that the Chilton Independent School District Board ever received notice of the acceptance prior to the option's expiration.

Appellants, asserting two points of error, contend: (1) the trial court erred by rendering judgment for the Defendant notwithstanding the jury's finding; and (2) the trial court erred by finding that as a matter of law the Appellants were required to personally attend the Chilton School Board meeting in order to give their notice to exercise the option.

■ It is fundamental that a trial court can grant a judgment non obstante veredicto only where a motion for instructed verdict would have been proper under the evidence. Rule 301, T.R.C.P.; *Boozer v. Stephens,* 509 S.W.2d 910 (Tex.Civ.App.—Tyler 1974, no writ). Likewise, on review of the action of a trial court in granting a motion for judgment non obstante veredicto, the appellate court must consider all the evidence favorable to the party against whom motion was granted, and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. *Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 539 (Tex.1976). In passing on a motion for instructed verdict or on motion for a judgment non obstante veredicto, the trial court is governed by the test whether there has been introduced any testimony of such probative value as to raise an issue of fact and, if so, the motions must be denied. *Dunlop Tire & Rubber Corporation v. Slack,* 276 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1955, no writ). No other special issues were requested by Appellants in the trial court and, accordingly, Appellants must rely on implied findings required by undisputed evidence to support any judgment in their favor in the trial court. If the jury verdict, together with such findings as are required by the undisputed evidence, would not have supported a judgment for Appellants in the trial court, then the trial court's action in granting a judgment non obstante veredicto for Appellee should be sustained on appeal. *First American Life Insurance Co. v. Slaughter,* 400 S.W.2d 590 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

■ Since the option clause lacked any provisions specifying the manner or method of notifying Appellee, all that was required of Appellants was that they notify *optionor* of the acceptance of the option prior to its expiration. (Emphasis added). *San Antonio Joint Stock Land Bank v. Malcher,* 164 S.W.2d 197 (Tex.Civ.App.—San Antonio 1942, writ ref'd w.o.m.).

■ We find there is sufficient evidence in the record to support an affirmative finding by the jury to the one issue submitted; therefore, such finding conclusively establishes that Rue gave Collins notice of the acceptance of the option prior to the expiration of the 1972 lease. Collins was

not the optionor, however, and this is the source of all of Appellants' problems. The jury's finding on this one fact issue, standing alone, cannot assure Appellants' recovery in the trial court against Appellee, unless Appellants can establish that (1) actual notice to Collins is equivalent to actual notice to Appellee's School Board as a matter of law, or (2) the School Board had, in some manner, acquired actual notice of Rue's acceptance of the option either through Collins' communications to the School Board or through some other means, or (3) notice to the School Board was, under the circumstances, imputed through Collins because of an agent-principal relationship.

■ Appellants contend that actual notice to Collins is equivalent, as a matter of law, to actual notice to Appellee's School Board, citing during oral argument Subsection (c) of V.T.C.A., Education Code § 23.26 as the basis for their contention. Appellants' reasoning is apparently based on the belief that, since Subsection (c) vests all right and title to all School District real estate in Appellee's School Board, when Appellants gave actual notice of the acceptance of the option to purchase the real estate to an individual member of Appellee's School Board, actual notice was, as a matter of law, given to Appellee's School Board as a body. To support this argument, Appellants rely heavily on their assertion that acceptance of notice, under an option to purchase, is a purely passive undertaking and did not require any overt or affirmative act on the part of Appellee's School Board. Thus, Appellants contend that the rule of law laid down in *Webster v. Texas & Pacific Motor Transport Co.*, 140 Tex. 131, 166 S.W.2d 75 (Tex.1942) is not applicable in this case. In the Webster case, the Texas Supreme Court stated as follows:

It is a well established rule in this State, as well as in other states, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or

one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient.

We cannot accede to Appellants' argument on this proposition. Although Subsection (c) of § 23.26 does vest all right and title to Appellee's real estate in the trustees of Appellee's School Board, such vesting does not settle title upon the trustees individually but only vests title in the members collectively, as members of a governmental body. It would be fallacious to argue that one or more members of Appellee's School Board, acting separately or individually, could sell, encumber or lease the real property of Appellee. Such business can only be transacted through their collective will, acting as a governmental body in accordance with all legal proscriptions attendant thereto. Just because title to Appellee's real property was vested in Collins as a member of the collective body did not clothe Collins with any express, implied or apparent authority to do anything with Appellee's real property as an individual, whether such act is characterized as truly passive or active.

The giving of notice to Appellee of the acceptance of the option to purchase was a crucial act on Appellants' part, and it was incumbent upon Appellants to do so in a manner that was legally sufficient to bind Appellee's School Board as a body. Appellee's School Board was entitled to receive notice of the acceptance of the option as a body, and this Appellants have failed to do at their peril, by electing to deal with Collins as an individual. Unless Appellants can establish on appeal that the probative evidence before the trial court raised a fact question or proved as a matter of law that Appellee's School Board as a body had received actual notice from Collins or in some other manner of the acceptance of the op-

tion, or that Collins had express, implied or apparent authority to act as an agent for the School Board to accept notice of acceptance of the option, or that Appellee's School Board, acting as a governmental body, ratified the unauthorized act of Collins in purporting to accept notice for the School Board, Appellants' first point on appeal must fail.

■ Appellants also assert in their brief that notice to Collins was imputed to Appellee, citing as authority two cases arising under the Texas Tort Claims Act, V.A.C.S. art. 6252–19: *City of Galveston v. Shu,* 607 S.W.2d 942 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ) and *City of Texarkana v. Nard,* 575 S.W.2d 648 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). The cases cited as authority by Appellants can be distinguished from the facts of the case at hand so as to render them valueless as legal precedents. Section 13 of the Texas Tort Claims Act states: "The provisions of this act shall be liberally construed to achieve the purposes hereof". We are not aware of any statutory or common law basis for finding that such an admonition of liberal construction should be applied to the general law of agency, insofar as it relates to public officers. Further, a close examination of both cases reveals that the pivotal finding in each (that actual notice was imputed to the city because of actual notice to an employee of the city) was based upon the premise that the employee (police officer who investigated the collision) was charged with the specific duty to gather facts (notice) surrounding accidents and injuries and was charged with a specific duty to make known (report) to the city that injuries and damages had been sustained in accidents. Nowhere in the record do we find any probative evidence to show that Appellee's School Board had, either expressly or impliedly, charged Collins with the duty of receiving notice or reporting notice of any kind, whether relating to leases, real property or to any other matter even remotely connected with the business of the School Board. Knowledge of a board member of a governmental agency is not generally imputed to his governmental body. *Clayton v.*

*Galveston County,* 20 Tex.Civ.App. 591, 50 S.W. 737 (Tex.Civ.App.—Galveston, 1899, writ ref'd). We hold as a matter of law, under the evidence and circumstances presented here, that actual notice was not imputed to Appellee by the mere fact that Collins was a member of Appellee's School Board.

We have looked in vain in the record for any probative evidence which would raise a fact issue or support an implied finding that Appellee's School Board had acquired actual notice, through Collins or other means, that Rue had orally accepted the option in his conversations with Collins. At one place in the record, Rue testified as follows:

Q. What did you say to Mr. Collins in that particular conversation?

A. Well, he came down to the plant and we discussed what our plans were. We wanted, you know, to do some improving and I wanted to exercise the option in the contract to buy it.

Q. Did you tell him you wanted to do that?

A. Yes.

Q. What was his response to that?

A. *What they wanted to do. They had been discussing it, because we had been talking about it at various times at the restaurant and so forth. They wanted to bring out some new appraisers and reappraise the property and reassess the value.* (Emphasis added).

■ This is the only place in the record where any testimony, by Collins or Rue or any other witness, would indicate that Appellee's School Board had discussed the matter around the time that Rue had given notice to Collins of his intent to accept the option. The testimony of a witness that an alleged agent had told him what the agent reported to his alleged principal is inadmissible for any purpose, since such evidence is mere hearsay. *Moore v. Marines,* 269 S.W. 825 (Tex.Civ.App.—San Antonio 1925, no writ). Appellants did call Collins as a witness in the trial court, but no questions were directed to Collins by Appellants in-

quiring whether Collins had reported his alleged conversations with Rue to Appellee's School Board, nor were any other members of the School Board who testified questioned as to whether the alleged acceptance had been discussed by the School Board. Appellants contend that evidence of actual notice to Appellee's School Board can be inferred from the fact that Appellee acquiesced in Appellants holding-over the premises for an extended period of time (1977–1981). We do not accept such a contention and refer Appellants for our reasoning to the portion of this opinion where we dispose of the claim of ratification. After careful examination of the record, we fail to find any probative evidence which would raise a fact issue as to whether Appellee's School Board had actual notice of Rue's conversation with Collins.

 Whenever an issue as to the existence of an alleged agency relation or the authority of an alleged agent is raised, the party who relies on the existence of the alleged relationship or who asserts that a particular act of the alleged agent was within the scope of his authority has the burden of proving such allegation by a preponderance of the evidence. *Buchoz v. Klein,* 143 Tex. 284, 184 S.W.2d 271 (Tex. 1944). An agency relationship can arise only at the will and by the act of the principal, and its existence is always a fact to be proved by tracing it to some act of the alleged principal. *Priddy v. Childers,* 248 S.W. 144 (Tex.Civ.App.—Amarillo 1922, writ dism'd). There are two species of agency: actual, either express or implied, and apparent. *Esso International, Inc. v. S S Captain John,* 443 F.2d 1144 (5th Cir. 1971).

 In order for the acts of the governmental body to be valid, it must act as a body. *Webster v. Texas & Pacific Motor Transport Co.,* supra. On the question of express agency, we have searched the record and failed to find any probative evidence which would raise a fact issue or support an implied finding that Appellee's School Board had acted to grant any express authority to Collins to act as its agent with respect to its leases, real estate or any other matter pertaining to the business of the School Board. Implied authority must arise from some conferral of express authority. Since we have found no probative evidence of express authority, we hold that Appellants cannot rely on either express or implied agency to impute notice from Collins to Appellee's School Board. *National Cash Register Co. v. Wichita F. Food Lockers,* 172 S.W.2d 781 (Tex.Civ.App.—Fort Worth 1943; affirmed 142 Tex. 109, 176 S.W.2d 161, Tex.1943).

Rue testified, however, that Collins "seemed to have the authority to do what he was talking about", which asserts a belief by Appellants that Collins had apparent authority to act as an agent to receive notice of the acceptance of the option for the School Board. In reaching this conclusion, the record shows that Rue relied exclusively upon the deportment, actions and statements of Collins to form the basis of his belief that Collins had apparent authority to act as an agent for Appellee and that Appellants made no attempt to inquire whether Collins had any express or implied authority to act as an agent for Appellee in accepting notice under the circumstances presented.

 Collins was a public officer by virtue of the fact he was an elected official of an independent school district. 51 Tex Jur 2d, Rev., Part 1, Schools § 70. In determining whether Appellants can reasonably rely on the doctrine of apparent agency to impute notice to Appellee's School Board, it is necessary to examine the law of agency as it relates to public officers. The rule is that public officers cannot bind the government they represent beyond the authority conferred upon them in the absence of an estoppel. *Wilke v. City of Ballinger,* 31 S.W.2d 1102 (Tex.Civ.App.—Austin 1930 no writ); *City of Houston v. Lakewood Estates, Inc.,* 429 S.W.2d 938 (Tex.Civ.App. —Houston [1st Dist.] 1968, no writ). As previously noted, we find no probative evidence in the record which would raise a fact issue that Appellee's School Board ever acted to confer on Collins any express or im-

plied authority to act as its agent in any matter. Also, the rule that an agent can bind his principal by acts within apparent authority has been held not to apply to public officers. *Orange County v. Texas & N.O.R. Co.,* 35 Tex.Civ.App. 361, 80 S.W. 670 (Tex.Civ.App.1904, writ ref'd). Even if the doctrine of apparent agency were made applicable to public officers, the existence of apparent authority must be determined from the acts of the alleged principal and not from the actions of the alleged agent. *Sorenson v. Shupe Bros. Co.,* 517 S.W.2d 861 (Tex.Civ.App.—Amarillo 1974, no writ). Before the declarations of an alleged agent can be admitted into evidence to show, as against the alleged principal, either the existence of the agency or the scope of the agent's authority, the fact of the agency must first be proved either by act of the principal or else by other acts that are sufficient for this purpose. *Madeley v. Kellam,* 135 S.W. 659 (Tex.Civ.App.1911, no writ).

 The doctrine of apparent authority is closely related to that of estoppel, and, before the doctrine of authority by estoppel can be invoked, it must be established that the principal held out the alleged agent as possessing authority sufficient to embrace the particular action done by the agent, or that the principal knowingly acquiesced in the agent's assertion of authority, and also that the third person with whom the agent dealt relied prejudicially on the principal's representation or conduct. 3 Tex.Jur.3d, Agency § 234. We find no probative evidence in the record which would support an implied finding or raise a fact issue that Appellee's School Board ever held out Collins as possessing any authority whatsoever or that Appellee's School Board knowingly acquiesced in Collins' assertion of authority in any matter or that Appellants relied on any representations or conduct of Appellee's School Board. Appellants cannot rely, therefore, on the doctrine of apparent agency to impute notice to Appellee's School Board.

 Appellants argue that Appellee's allowing Appellants to hold-over the leased premises from 1977 to 1981 and accepting the payment of rentals from Appellants during the hold-over period constituted evidence that Appellee ratified any unauthorized act of Collins in accepting notice of the exercise of the option. Where ratification is relied upon to establish the principal's liability for an unauthorized act of his agent, the burden of proof is on the party who asserts such ratification. *Edwards v. Davidson,* 79 S.W. 48 (Tex.Civ.App.1904, no writ). Ratification by a principal of an agent's unauthorized acts may be express or implied from the course of conduct of the principal. However, ratification cannot be inferred from acts that the principal had a right to do, independently and without knowledge of the unauthorized transaction in question. *Texas Pacific Coal & Oil Co. v. Smith,* 130 S.W.2d 425 (Tex.Civ.App.—Eastland 1939, writ dism'd jdgmt cor.). Unless there is evidence of full knowledge by the principal of the agent's unauthorized acts, or, alternatively, unless there is full evidence of facts from which such knowledge can reasonably be imputed to the principal, the evidence as to ratification will be deemed to be insufficient. 3 Tex.Jur.3d, Agency § 112. *Suderman-Dolson Co. v. Rogers,* 47 Tex.Civ.App. 67, 104 S.W. 193 (Tex.Civ.App.1907, no writ).

 Since Appellee had the legal right under the hold-over doctrine to allow Appellants to continue to occupy the premises and to receive and deposit rental payments from Appellants during such hold-over period, and, because of such legal relationship Appellee could do so independently and without knowledge of any alleged unauthorized acts by Collins, we hold as a matter of law that Appellants cannot infer from this particular action of the alleged principal any probative evidence of ratification by Appellee of Collins acting as its agent.

Appellants contend, also, that positive notice of Appellants' intent to exercise the option came during the hold-over period in the form of attorney Malone's letter of February, 1981, to Appellee's School Board. The critical question presented is whether an option to purchase, under the terms and

conditions of the case at bar, survived during the hold-over so as to be optionable by Appellants. We think not.

Even though there is no express stipulation to the effect that "time is of the essence" in an option contract, the courts in Texas have held that such is the case in an option to purchase real property. Although not involving an option to purchase as a provision of a lease, in *Wilbanks v. Selby,* 227 S.W. 371 (Tex.Civ.App.—Amarillo 1921, no writ), the Court held that time is of the essence, both in law and in equity, stating, "Where, as in this case, the contract invests the one with no title whatever, imposes no obligation upon him, leaves it optional with him to do a certain thing at a specified time, in such case time, in the briefest sense of the rule, is of the essence of the contract, and the failure of such party to comply with its terms deprives him of the right to demand the enforcement of the contract". *Johnson v. Portwood,* 89 Tex. 235, 34 S.W. 596 (Tex.1896). See, also, *McCaleb v. Wyatt,* 257 S.W.2d 880 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.) and *Lefevere v. Sears,* 629 S.W.2d 768 (Tex.Civ.App.—El Paso 1981, no writ).

The Supreme Court of Texas in the case of *Kruegel v. Berry,* 75 Tex. 230, 9 S.W. 863 (Tex.1888) held, in effect, that an option to purchase contained in a lease did not survive into a hold-over period. In construing the lease, the court held that the lessee had the right at any time during the lease (two years from January 15, 1880) to purchase the land by paying the consideration agreed upon and, upon a tender of the purchase money within that time, lessee would have been entitled to receive a title from lessor. We note in passing that Appellants have not cited any authority for their contention that the option to purchase was carried into the hold-over period.

■■■ We do not find any compelling reason to distinguish an option to purchase, standing alone as an independent contract, from an option to purchase set forth in a lease agreement insofar as the question of time being of the essence is concerned. Appellants did not acquire any title to the land by the option contract. At most they secured only the right to acquire an interest in the land by complying with terms of the option. Appellants were not bound to purchase and could accept the offer and turn the option into a binding contract. (*McCaleb v. Wyatt,* supra). This set of circumstances is presented to an optionee whether the option is standing alone as a separate agreement or is contained in a lease agreement. Accordingly, we reject Appellants' contention that the option could be exercised in 1981, some three or more years after the lease terminated by its own terms in July, 1977.

Appellants and Appellee, in their respective briefs, both assume that the trial court based his judgment non obstante veredicto on the principle that Appellants must have personally appeared before Appellee's School Board in order to give sufficient notice of the acceptance of the option. A reading of the court's judgment does not provide a foundation from which such assumption can be made. We find that the trial court's judgment is unambiguous on its face and, therefore, is not to be interpreted in light of subsequent or prior statements or acts of the court evidencing judicial intent when judgment was rendered. *Cook v. Smith,* 96 S.W.2d 318 (Tex.Civ.App.—Galveston 1936, writ dism'd).

Appellants' second point of error is overruled.

Although the evidence supports the finding of the jury that Rue gave notice to Collins before the 1972 lease terminated, we are unable to find any probative evidence in the record to raise a fact question on agency, either express, implied or apparent; on estoppel or ratification of the alleged unauthorized acts of Collins; or on actual notice to Appellee's School Board that Rue had attempted to accept the option under the lease agreement between Lessing and Appellee.

We overrule Appellants' points of error and the action of the trial court is affirmed.

HALL, J., concurs in affirming the judgment.