Jordan v. Terrell 















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-195-CV

        CATHERINE F. JORDAN,
                                                                                       Appellant
        v.

        JAMES O. TERRELL,
                                                                                       Appellee
 

 From the 19th District Court
McLennan County, Texas
Trial Court # 84-2952-1
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          This is an appeal from an order modifying visitation. On September 6, 1989, James O.
Terrell filed a "Motion for Contempt and to Post Security, and Motion to Modify," alleging that
Catherine F. Jordan had failed to allow court-ordered visitation on a number of occasions and
requesting that the visitation order be modified because it had become unworkable under the
circumstances. At the end of the motion, a "Notice of Hearing" stated that "a hearing on the
foregoing motion is set for the 9 day of Oct. 1989, at 10 o'clock A.M., before this Court in the
courthouse at Waco, Texas." The notice had been signed by the judge of the 19th District Court,
where the original divorce decree had been entered in May 1985. The motion to modify which
is the subject of this appeal was the third such motion filed by Terrell in approximately three
years.
     Jordan was served with citation and a copy of the motions and notice of hearing on September
16 and she filed an answer on October 9, 1989, at 8:56 A.M. She appeared at the hearing at the
designated time, 10 A.M., at which time Terrell waived the hearing on his motion for contempt
and announced "ready" on the motion to modify. Jordan announced "not ready," asserting to the
visiting judge that necessary parties had not been joined, proper notice had not been given, and
that she had not had adequate time to join other necessary parties and to prepare for trial. The
court overruled her objections, proceeded to hear evidence on the motion to modify visitation, and
on August 6, 1990, entered the order from which she now appeals.
          Jordan complains that the trial court erred in proceeding to trial on the motion to modify
because: (1) Terrell failed to comply with the notice requirements of Rules 245 and 21(a); (2) she
was deprived of her constitutional right to due process; (3) all parties in interest had not been
served or otherwise appeared before the court; (4) the evidence was legally and factually
insufficient to support the order modifying visitation; and (5) the evidence was legally and
factually insufficient to support a finding that a material change in circumstances had occurred that
warranted a modification. We will reverse and remand the cause due to the failure to comply with
mandatory requirements of the Family Code.
          Jordan's points one and two assert a lack of notice under the rules that resulted in a denial
of due process. Because of our disposition of point three, we do not find it necessary to address
these points, other than to observe that the Family Code provides that a motion to modify
visitation constitutes a new suit requiring service of citation under the Rules of Civil Procedure
and that notices of hearing should be given in the same manner as in any new civil proceeding. 
See Tex. Fam. Code Ann. § 14.08(b) (Vernon 1986); Tex. R. Civ. P. 245 (Vernon 1976) (10
days at the time of this hearing, now 45 days for a first setting).
          In points three and four, Jordan asserts that the court erred in proceeding to trial on the
motion to modify in the absence of all parties in interest. The court overruled Jordan's objection
and her motion to join Terrell's parents, James F. and Audrey Terrell of Daingerfield. The
Terrells had been named possessory conservators in the decree that their son was seeking to
modify and are necessary parties. See Tex. Fam. Code Ann. § 11.09 (Vernon Supp. 1992). By
prior order, possession of the child during "spring break" had been set aside to Terrell's parents. 
The "standard visitation" order that the court entered on August 6, 1990, provided that Terrell
would have possession of the child during spring break in even-numbered years and Jordan in odd-numbered years. Id. at § 14.033. Thus, the orders conflicted about visitation during spring break
in odd-numbered years.
          In granting the motion to modify and entering the standard order of visitation, the court
stated on the record that any conflict between the prior order and the standard order would be
resolved by deferring to the standard order to the exclusion of the grandparent possessory
conservators. However, this declaration by the court was not included in the modified visitation
order, which is not ambiguous. We cannot interpret the modification order in light of any
subsequent or prior statements of the court evidencing judicial intent when the judgment was
rendered. See Thermo Products v. Chilton Ind. School Dist., 647 S.W.2d 726, 734 (Tex.
App.—Waco 1983, writ ref'd n.r.e.). 
          Although Terrell assured the court that any conflict between the visitation awarded him
under the standard order and that of his parents under the prior order could be worked out between
them, Jordan cannot be assured that she will be similarly accommodated. Jordan argues that she
will be unable to enforce this latest order without encroaching upon the rights of Terrell's parents
and that complete relief regarding visitation could not be granted and the best interests of the child
fully considered in their absence. We agree. 
          The Family Code provides that possessory conservators are entitled to service of citation
upon the filing of a petition in a suit affecting the parent-child relationship. See Tex. Fam. Code
Ann. § 11.09 (Vernon Supp. 1992). Section 11.08 further requires that a petition must include
the names and places of residence of possessory conservators or other persons having access to
the child under a court order. Id. at § 11.08(b)(7). The record reflects that neither requirement
was met.
          We hold that the court had no discretion to proceed with the hearing and erred in
overruling Jordan's objection to a hearing on the motion to modify visitation rights in the absence
of and without notice to the other possessory conservators. The visitation rights of the
grandparent possessory conservators were clearly affected by the court's order, yet they were not
joined in the suit. Notification was not only proper but necessary. See id. at § 11.09. Points
three and four are sustained. 
          We do not reach Jordan's complaints in points five through eight attacking the factual and
legal sufficiency of the evidence.
          We reverse the judgment and remand the cause for a new trial.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed January 22, 1991
Do not publish