

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 14, 1993

Honorable Ashley Smith
Chair
Committee on Higher Education
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-260

Re: Whether an independent school district may use various assets to create an endowment fund (RQ-244)

Dear Representative Smith:

You have requested an opinion from our office about the creation of a permanent endowment fund by a Texas public school district.

You inform us that the Plano Independent School District seeks to establish a permanent endowment fund for the continuing financial support of its education program. You state that the corpus of the fund will be established from the "designated fund balance of the general fund, land assets of the School District, proceeds from the sale of land owned by the district, bequests from individuals and/or capital expenditures to provide education services to the students of the District." The fund would be managed and administered under policies adopted by the board of trustees, accounted for as a trust fund, and be subject to all existing controls and auditing requirements currently in effect in the district's accounting system.

You ask the following questions:

> 1. Can such a permanent endowment fund be created by a Texas public school district?
>
> 2. May designated general fund reserves (that is, general fund balance); land assets of the [d]istrict (that is, surplus land purchased with bond proceeds for future school sites but no longer needed for school sites), and/or proceeds from the sale of land owned by the [d]istrict be used as sources to establish and increase the corpus of - the fund?
>
> 3. If so, is revenue from these sources restricted in any manner? If so, how.

Your questions are general in nature, and you do not ask us to address specific statutes or constitutional provisions. We will discuss statutes that are relevant to this

proposal, but we must caution you that most of the statutes we discuss are set for repeal effective September 1, 1995, under the following provision of Senate Bill 7 of the 73rd Legislature:

> Section 8.33. Effective September 1, 1995, the following provisions of the Education Code are repealed:
>
> (1) Title 1; and
>
> (2) Title 2, except Chapters 16, 20, and 36.
>
> Section 8.34. Not later than June 1, 1994, the commissioner of education shall submit to the legislature a proposed revision of Education Code provisions repealed by Section 8.33 of this article.

Our answers to your questions are thus based on statutes currently in effect, and will not necessarily apply to revised versions of those statutes.

A school board possesses only the authority expressly or impliedly given it by statute. *Mesquite Indep. Sch. Dist. v. Gross*, 67 S.W.2d 242 (Tex. 1934) (annexation); *Texas Roofing Co. v. Whiteside*, 385 S.W.2d 699 (Tex. Civ. App.--Amarillo 1964, writ ref'd n.r.e.) (contracting). Chapter 23 of the Education Code, applicable to independent school districts, includes the following provision:

> (a) The trustees shall constitute a body corporate and in the name of the school district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.
>
> (b) The trustees shall have the exclusive power to manage and govern the public free schools of the district.
>
> (c) All rights and titles to the school property of the district, whether real or personal, shall be vested in the trustees and their successors in office.
>
> (d) The trustees may adopt such rules, regulations, and by-laws as they deem proper.

Educ. Code § 23.26.

An "endowment fund" is a fund from which the income may be expended, but whose principal must remain intact. TEXAS EDUCATION AGENCY, FINANCIAL

ACCOUNTING MANUAL, BULLETIN 679  Appendix A (February 15, 1991).[1]  We find no statute that expressly authorizes a school district to establish an endowment fund, although the board may have some implied authority to place particular assets in one.  A school board has express authority under section 23.26 of the Education Code "to receive bequests and donations," "to manage and govern the public free schools in the district," and to "adopt such rules, regulations, and bylaws as they deem proper," as long as they are consistent with law.[2]  Section 21.903 permits a school board to use donated funds or other property, or the income therefrom, for any purpose designated by the donor, so long as the purpose is in keeping with the lawful purposes of the schools.  *See also* Educ. Code § 20.482 (school board may invest a gift, devise, or bequest to the district for college scholarships for its graduates).  Under these provisions, we believe a school board could establish an endowment fund for educational purposes with money willed or donated for that purpose.  *Id.* § 23.26.  We will look next at the statutes applicable to the particular assets you mention to determine whether the board may place them in an endowment fund.

You first ask about placing "designated general fund reserves" or "general fund balance" in an endowment fund.  The general fund of a school district is used to finance the ordinary operations of a school district.  TEXAS EDUCATION AGENCY, *supra*.  The school district contemplates setting aside a portion of the general fund to place in the endowment fund, or using assets remaining in the general fund at the end of the fiscal year for that purpose.  The school board thus contemplates setting aside revenues collected in this year to support the schools in future years.

The following provision controls the expenditure of public funds for the operation of a school district:

> (a)  The public free school funds shall not be expended except as provided in this section.

> (b)  The state and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money borrowed on short time to pay salaries of teachers and superintendents . . . .

---

[1]The Financial Accounting Manual, adopted by reference as the agency's official rule, 19 T.A.C § 109.61, sets out the requirements for budgeting, accounting, financial reporting, and auditing applicable to school districts.  19 T.A.C § 109.1; *see* Educ. Code §§ 23.42(b) (budget must be prepared according to rules and regulations of State Board of Education), 23.48(b) (school district accounting system must meet minimum requirements prescribed by State Board of Education), 23.48(d) (authority of State Board of Education to establish financial reporting requirements).

[2]*Sullivan v. University Interscholastic League*, 616 S.W.2d 170 (Tex. 1981); *McLean Indep. Sch. Dist. v. Andrews*, 333 S.W.2d 886 (Tex. Civ. App.—Amarillo 1960, no writ).

(c) Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for state and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses,[3] *and for other purposes necessary in the conduct of the public schools to be determined by the board of trustees* . . . , provided, that when the state available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein.

Educ. Code § 20.48 (emphasis added). The italicized language of section 20.48(c) appears to give the board of trustees broad authority to decide how to spend school funds. However, other provisions of law may restrict this authority.

Local school funds derive largely from school district property tax revenues. *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391 (Tex. 1989). This system has been declared unconstitutional because it is not fiscally neutral, since students in low property wealth districts do not have access to funds substantially equal to those available to students in high property wealth districts. *Kirby*, 777 S.W.2d at 397; *see also Carrollton-Farmers Branch Indep. Sch. Dist.*, 826 S.W.2d 489 (Tex. 1992); *Edgewood Indep. Sch. Dist. v. Kirby*, 804 S.W.2d 491 (Tex. 1991). Recently adopted legislation on school financing is before the courts. *Edgewood v. Meno*, No. 362516 (Dist. Ct. of Travis County, 250th Judicial Dist. of Texas, plaintiff's motion for declaratory judgment and injunction filed June 11, 1993) (challenge to the constitutionality of S.B. 7, Acts 1993, 73d Leg.). The school district's proposal to use current local tax revenues to establish an endowment fund for the future support of the district's schools raises issues that implicate the issues before the court. We cannot address this question while the constitutionality of the school financing system remains the subject of litigation. *See* Attorney General Opinions MW-205 (1980); V-291 (1947) (the attorney general will not issue an advisory opinion addressing a question in litigation).

We turn to your questions about placing the proceeds from real property sales in an endowment fund. Property of a school district may be conveyed only in the manner provided by law. *Thermo Products Co. v. Chilton Indep. Sch. Dist.*, 647 S.W.2d 726 (Tex. App.--Waco 1983, writ ref'd n.r.e.); *Crouch v. Posey*, 69 S.W. 1001 (Tex. Civ.

---

[3]A 1993 amendment to section 20.48(c) of the Education Code authorizes the acquisition of school houses by lease with an option to purchase. S.B. 826, Acts 1993, 73d Leg., ch. 752 (eff. Aug. 30, 1993).

App.--1902, no writ).    Section 23.30 of the Education Code, the primary statute governing sales of school district property, provides in part:

> (a) The board of trustees of any independent school district may, by resolution, authorize the sale of any property, other than minerals, held in trust[4] for free school purposes.
>
> . . . .
>
> (c) The proceeds of such sale shall be used for the purchase of more convenient and more desirable school property or for the construction or repairing of school buildings or deposited to the credit of the local maintenance fund of the district.    [Footnote added.]

An independent school district may sell its land only if the proceeds are used according to section 23.30(c).  Attorney General Opinions JM-1000 (1988) at 4; O-1570 (1939) at 3-5 (construing predecessor statute).  These purposes do not include placement in a permanent endowment fund for the "continuing financial support of . . . the educational program."

Chapter 20, subchapter F of the Education Code authorizes a school board to sell surplus real property and issue revenue bonds.    Educ. Code § 20.922; *see id.* §§ 20.921 - 20.927 (subchapter F).  The proceeds from the sale are subject to restrictions similar to those applicable under section 23.30; they must be used for (1) constructing or equipping school buildings or purchasing buildings sites or (2) payment of principal, interest, and premium on any bonds issued under subchapter F.  Thus, the proceeds of land sold under chapter 20, subchapter F of the Education Code, may not be placed in an endowment fund.

Accordingly, we conclude that a school district may not place the proceeds from the sale of land owned by the district in an endowment fund.  This office will not issue an advisory opinion on whether a school district may allocate current local tax revenues to an endowment fund for the future support of the district's schools while the constitutionality of the school financing system remains the subject of litigation.

---

[4]School district property held by the trustees is held in trust for school purposes.  *Love v. City of Dallas*, 40 S.W.2d 20 (1931); *see also Texas Antiquities Comm. v. Dallas County Community College*, 554 S.W.2d 924 (Tex. 1977); Attorney General Opinion JM-958 (1988) (relying on *Love v. City of Dallas*).

## S U M M A R Y

The board of trustees of a school district may establish an endowment fund for educational purposes with money willed or donated for that purpose. The school board may not place the proceeds from the sale of land owned by the district in an endowment fund. This office will not issue an advisory opinion on whether a school district may allocate current local tax revenues to an endowment fund for the future support of the district's schools while the constitutionality of the school financing system remains the subject of litigation.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General