IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00329-CV

No. 10-08-00354-CV

 

margaret meece, patrick meece,

and margaret hiebeler, 

                                                                                    Appellants

 v.

 

occ construction corporation

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001642-CV-361

Consolidated with No.
03-001643-CV-361

 



SEVERANCE AND REINSTATEMENT ORDER



 

Appellants[1]
Margaret Meece and Patrick Meece have filed a Suggestion of Bankruptcy advising
this Court that they filed a voluntary bankruptcy petition on September 3, 2008. 
Accordingly, this appeal has been suspended because of the automatic bankruptcy
stay.  See Tex. R. App. P. 8.2;
11 U.S.C.A. § 362(a).  However, the stay is effective only as to Appellants
Margaret Meece and Patrick Meece, and the remaining appellant, Margaret
Hiebeler, cannot benefit from the stay.  See In re Sw. Bell Tel. Co., 35
S.W.3d 602, 604 (Tex. 2000); Ma-Stell, Inc. v. Anadarko E & P Co.,
No. 10-03-358-CV, 2005 WL 984785, at *1 (Tex. App.—Waco Apr. 27, 2005, order); Lisanti
v. Dixon, 147 S.W.3d 638, 641-42 (Tex. App.—Dallas 2004, pet. denied), cert.
denied, 127 S.Ct. 83 (2006).

            Accordingly, we sever the appeals of Margaret
Meece and Patrick Meece from the remainder of the appeal.  See Tex. R. App. P. 8.3(b); Ma-Stell,
2005 WL 984785, at *1.  The Clerk of this Court shall docket the
appeal of Margaret Meece and Patrick Meece under cause number 10-08-00354-CV,
styled Margaret Meece and Patrick Meece v. OCC Construction Corporation.

            This appeal is reinstated, and the
Clerk of this Court shall re-style this appeal as Margaret Hiebeler v. OCC
Construction Corporation.  See Ma-Stell, 2005 WL 984785, at *1.

            Any time period allowed for action
under the appellate rules that had begun to run and had not expired when this
proceeding was suspended begins anew on the date of this order.  See Tex. R. App. P. 8.2; Ma-Stell, 2005 WL 984785,
at *1.

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

            (Chief
Justice Gray dissenting)

Order issued and filed October
15, 2008

Publish








 









[1]  The appellants in this cause are Margaret Meece,
Patrick Meece, and Margaret Hiebeler.








 'CG Times', serif">          In points three and four, Jordan asserts that the court erred in proceeding to trial on the
motion to modify in the absence of all parties in interest. The court overruled Jordan's objection
and her motion to join Terrell's parents, James F. and Audrey Terrell of Daingerfield. The
Terrells had been named possessory conservators in the decree that their son was seeking to
modify and are necessary parties. See Tex. Fam. Code Ann. § 11.09 (Vernon Supp. 1992). By
prior order, possession of the child during "spring break" had been set aside to Terrell's parents. 
The "standard visitation" order that the court entered on August 6, 1990, provided that Terrell
would have possession of the child during spring break in even-numbered years and Jordan in odd-numbered years. Id. at § 14.033. Thus, the orders conflicted about visitation during spring break
in odd-numbered years.
          In granting the motion to modify and entering the standard order of visitation, the court
stated on the record that any conflict between the prior order and the standard order would be
resolved by deferring to the standard order to the exclusion of the grandparent possessory
conservators. However, this declaration by the court was not included in the modified visitation
order, which is not ambiguous. We cannot interpret the modification order in light of any
subsequent or prior statements of the court evidencing judicial intent when the judgment was
rendered. See Thermo Products v. Chilton Ind. School Dist., 647 S.W.2d 726, 734 (Tex.
App.—Waco 1983, writ ref'd n.r.e.). 
          Although Terrell assured the court that any conflict between the visitation awarded him
under the standard order and that of his parents under the prior order could be worked out between
them, Jordan cannot be assured that she will be similarly accommodated. Jordan argues that she
will be unable to enforce this latest order without encroaching upon the rights of Terrell's parents
and that complete relief regarding visitation could not be granted and the best interests of the child
fully considered in their absence. We agree. 
          The Family Code provides that possessory conservators are entitled to service of citation
upon the filing of a petition in a suit affecting the parent-child relationship. See Tex. Fam. Code
Ann. § 11.09 (Vernon Supp. 1992). Section 11.08 further requires that a petition must include
the names and places of residence of possessory conservators or other persons having access to
the child under a court order. Id. at § 11.08(b)(7). The record reflects that neither requirement
was met.
          We hold that the court had no discretion to proceed with the hearing and erred in
overruling Jordan's objection to a hearing on the motion to modify visitation rights in the absence
of and without notice to the other possessory conservators. The visitation rights of the
grandparent possessory conservators were clearly affected by the court's order, yet they were not
joined in the suit. Notification was not only proper but necessary. See id. at § 11.09. Points
three and four are sustained. 
          We do not reach Jordan's complaints in points five through eight attacking the factual and
legal sufficiency of the evidence.
          We reverse the judgment and remand the cause for a new trial.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed January 22, 1991
Do not publish