**In re Larry Claude BRUMBALOW.**

**No. 10–09–00123–CV.**

Court of Appeals of Texas,
Waco.

May 13, 2009.

Larry Claude Brumbalow, Gatesville, TX, pro se.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## OPINION

FELIPE REYNA, Justice.

Larry Claude Brumbalow, a Texas inmate proceeding *pro se,* seeks a writ of mandamus against Respondent, the Honorable James E. Morgan, Judge of the 220th Judicial District Court of Hamilton County, on grounds that he will not rule on Brumbalow's motion asking Respondent to entertain his divorce suit. According to Brumbalow, he filed a petition for divorce on October 20, 2008, but the petition has not been served. On January 25, 2009,

Brumbalow filed a "Motion Requesting Judge to Entertain Divorce Proceeding." He has not received a ruling on this motion.[1] We deny the relief requested.

We will grant mandamus relief if there has been an abuse of discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–38 (Tex.2004) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding); *In re Martinez Ramirez*, 994 S.W.2d 682, 683–84 (Tex.App.-San Antonio 1998, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a rea-sonable time. *See Chavez,* 62 S.W.3d at 228.

Brumbalow has not shown with a record that he has brought his motion to the attention of the respondent trial judge. *See In re Comeaux,* No. 10–07–00235–CV, 2007 WL 4260638, at *1, 2007 Tex.App. LEXIS 9518, at *3–4 (Tex.App.-Waco Dec.5, 2007, orig. proceeding); *see also In re Layton,* 257 S.W.3d 794, 795 (Tex.App.-Amarillo 2008, orig. proceeding). Thus, we cannot say that Respondent has abused his discretion. *Cf. In re Nabelek,* No. 10–06–00241–CV, 2007 WL 416392, 2007 Tex. App. LEXIS 926 (Tex.App.-Waco Feb. 7, 2007, orig. proceeding) (mem. op. on reh'g). The mandamus application is denied.

---

**1.** This information is derived largely from that contained in Brumbalow's pleadings. We note, however, that Brumbalow's mandamus application is defective because it does not include: (1) the certification required by Rule of Appellate Procedure 52.3(j); (2) proof of service required by Rule of Appellate Procedure 9.5; or (3) the required record pursu-ant to Rules of Appellate Procedure 52.3 and 52.7. *See* TEX.R.APP P. 9.5; *see also* TEX. R.APP. P. 52.3(k)(1)(A); TEX R.APP. P. 52.7. Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies because Brumbalow cannot prevail on the merits of his claim based on the information provided. TEX.R.APP. P. 2.