

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00113-CV

## IN RE MARTIN LEE TREDWAY

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

Martin Lee Tredway, a Texas inmate, seeks a writ of mandamus against Respondents, the Honorable James E. Morgan of the 220th District Court of Bosque County, and the Honorable James F. Clawson, Jr., Senior Judge of the 169th Judicial District Court.  He complains that Respondent Morgan failed to rule on his motion for summary judgment and properly analyze the law with regard to his application for writ of habeas corpus.  He complains that Respondent Clawson violated his duties by denying his motion to recuse Respondent Morgan.  We deny in part and dismiss in part.[1]

_____

[1]     Tredway's application is defective because: (1) his certification does not comply with Rule of Appellate Procedure 52.3(j); (2) he failed to include proof of service as required by Rule of Appellate

Tredway signed his motion for summary judgment on January 3, 2010. He failed to attach a file-stamped copy of the motion to his petition for writ of mandamus. We assume the motion was filed in early January.

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Brumbalow*, 281 S.W.3d 718, 719 (Tex. App.—Waco 2009, orig. proceeding) (quoting *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) and *In re Martinez Ramirez*, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding)). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *Id*. Tredway has not shown with a record that he has brought his motion to the attention of Respondent Morgan or that a reasonable time has passed for Respondent to have failed or refused to rule. *See id.*; *see also In re Mendez*, No. 10-09-00085-CR, 2009 Tex. App. LEXIS 2377, at *4-5 (Tex. App.—Waco Apr. 8, 2009, orig. proceeding) (not designated for publication). We cannot say that Respondent Morgan abused his discretion.

With regard to Tredway's remaining complaints, we previously held that this Court lacks jurisdiction to address Tredway's complaint regarding his application for writ of habeas corpus filed with the trial court. *See In re Tredway*, No. 10-09-00303-CR, 2009 Tex. App. LEXIS 8006 (Tex. App.—Waco Oct. 14, 2009, orig. proceeding) (not

---

Procedure 9.5; and (3) he failed to include the required record pursuant to Rules of Appellate Procedure 52.7. *See* TEX. R. APP. P. 9.5; *see also* TEX. R. APP. P. 52.3(k)(1); TEX. R. APP. P. 52.7(a). Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies. *See* TEX. R. APP. P. 2.

designated for publication).  Nor do we possess jurisdiction to address the denial of

Tredway's motion to recuse.  *See* TEX. R. CIV. P. 18a(f); *see also In re Norman*, 191 S.W.3d

858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Accordingly, Tredway's petition for writ of mandamus is denied in part and

dismissed in part for want of jurisdiction.

 

 

FELIPE REYNA
Justice

Before Chief Justice Gray
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Writ denied in part, dismissed in part
Opinion delivered and filed April 21, 2010
[OT06]

*      (Chief Justice Gray concurs in the Court's judgment only.  A separate opinion will not issue.  He notes, however, that much of Tredway's petition is simply incomprehensible.  In this single petition Tredway appears to join complaints about unrelated proceedings.  If a petition is so lacking in organization and structure as to defy meaningful review and consideration the court is not obligated to waste limited public resources to decipher the claim for relief.  Because the Court does not grant any relief by either denying or dismissing the separate complaints, Chief Justice Gray concurs in the Court's judgment.)