# NO. 12-16-00181-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALBERTSON'S HOLDINGS, LLC,* *ALBERTSON'S, LLC, AND* *NEW ALBERTSON'S, INC.,* *APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *RUTH KAY AND FRANK KAY,* *APPELLEES* | § | *GREGG COUNTY, TEXAS* |

## *OPINION*

Albertson's Holdings, LLC, Albertson's, LLC, and New Albertson's, Inc. bring this interlocutory appeal complaining of the trial court's denial of their motion to compel arbitration in Ruth and Frank Kay's personal injury suit.[1] In four issues, Appellants contend the trial court erred in failing to compel arbitration. We affirm in part and reverse in part.

## BACKGROUND

Employed by Albertson's LLC since 1972, Ruth signed "Albertson's LLC Texas Workplace Injury Benefit Plan" when it was adopted in 2010. The Plan includes an arbitration agreement making it mandatory that certain injury-related claims be submitted to binding arbitration. The Plan also provides that the mandatory policy applies to claims brought by spouses of employees.

In 2013, Ruth was injured while in the course of her employment at Albertson's LLC. She and her husband, Frank, filed suit against Appellants and two contractors who were working on a remodeling project at the store. Alleging negligence, Ruth sought damages directly related to her injuries while Frank sought damages for loss of consortium. Appellants filed a motion to

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015).

compel arbitration. The Kays resisted the motion on grounds of unconscionability and the agreement's inability to bind Frank.

After a hearing, the trial court determined that "the arbitration selection process contained within the Plan is sufficiently shocking and/or gross," the arbitration clause is substantively unconscionable, and the issue of whether the arbitration clause is substantively unconscionable cannot be delegated to the arbitrator. The court further determined that Frank "cannot be held bound to an arbitration clause contained within a Plan to which he did not agree to be bound." By these rulings, the trial court effectively denied Appellants' motion to compel arbitration. Appellants filed this interlocutory appeal to contest the trial court's ruling.

<u>ARBITRATION</u>

In their first issue, Appellants assert that the trial court erred by denying the motion to compel arbitration because a valid arbitration agreement exists between the Kays and each Appellant, and the Kays' claims are within the scope of the arbitration provisions. In their third issue, Appellants contend the Kays waived their arguments on substantive unconscionability and enforceability for failure to specifically plead these affirmative defenses. Appellants urge that the Kays did not prove any valid defenses to enforcing the arbitration agreement.

**Standard of Review**

In an interlocutory appeal of an order denying a motion to compel arbitration, we apply an abuse of discretion standard. *FD Frontier Drilling (Cyprus), Ltd. v. Didmon*, 438 S.W.3d 688, 692 (Tex. App.−Houston [1st Dist.] 2014, pet. denied). We defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Servs., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Whether there is a valid and enforceable arbitration agreement is a legal question subject to de novo review. *Id*.

**Applicable Law**

A party seeking to compel arbitration under the FAA must establish the existence of a valid arbitration agreement between the parties and that the particular controversy is within the scope of that agreement. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding). When determining whether parties have agreed to arbitrate, we apply ordinary state law principles regarding the formation of contracts. *See In re Kellogg Brown &*

2

*Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding). To establish that a valid agreement to arbitrate exists, the employer must prove that the employee received notice of the employer's arbitration policy and accepted it. *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006) (orig. proceeding). Once a valid agreement to arbitrate has been established, the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration. *In re AdvancePCS Health, L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (orig. proceeding).

## Analysis

Based on their mandatory arbitration policy, Appellants filed a motion to compel arbitration of the Kays' claims. Albertson's LLC Texas Workplace Injury Benefit Plan, effective August 1, 2010, provides that the Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings under the arbitration provisions of the Plan. Regarding its application, the Plan provides as follows:

> 2.3 **Arbitration of Certain Injury-Related Disputes.** The Employer hereby adopts a mandatory company policy requiring that the following claims or disputes must be submitted to final and binding arbitration under this Section 2.3. A Participant's employment or continued employment after receiving notice of this arbitration requirement constitutes acceptance of this arbitration requirement. (A) any legal or equitable claim or dispute relating to enforcement or interpretation of the Plan's arbitration provisions . . . and (B) any legal or equitable claim by or with respect to an Associate for any form of physical or psychological damage, harm or death which relates to an accident, occupational disease, or cumulative trauma (including, but not limited to, claims of negligence or gross negligence . . . .

> ….

> These provisions also apply to any claims that may be brought by an Associate's spouse, children, parents, beneficiaries, Representatives, executors, administrators, guardians, heirs or assigns (including, but not limited to, any survival or wrongful-death claims). This binding arbitration will be the sole and exclusive remedy for resolving any such claim or dispute for any arbitral claims.

> ….

> (e) **Binding Effect**: This provision for resolving claims by arbitration is equally binding upon, and applies to any such claims that may be brought by, or which are derivative of, an Employer and each Associate and his/her spouse, children, parents, beneficiaries, Representatives, executors, administrators, guardians, heirs or assigns (including, but not limited to, any survival or wrongful death claim).

3

On July 24, 2010, Ruth signed a "Receipt, Safety Pledge and Arbitration Acknowledgment," indicating that she accepted and agreed to comply with Albertson's LLC's new arbitration requirements. The Kays never argued that Ruth is not party to a valid arbitration agreement of which she had notice. *See In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d at 162. Neither does the trial court's order address that issue.

#### Validity of Arbitration Agreement

The Kays assert that Frank cannot be bound by the arbitration agreement because he is not a party to the agreement, did not agree to arbitrate with Albertson's LLC, and did not sign the agreement. Appellants argue that Frank is bound because, as the agreement expressly states, the parties to the agreement intended for nonsignatory spouses to be bound by the agreement. Additionally, Appellants argue that Ruth signed as Frank's agent, Frank is a third party beneficiary under the Plan, and his consortium claim is derivative of Ruth's claims.

We apply Texas procedural rules and substantive law in determining whether nonsignatories are bound by an arbitration agreement. *In re Labatt Food Serv., L.P.,* 279 S.W.3d at 643. Whether a nonsignatory is bound by an arbitration clause questions the existence of a valid arbitration clause between specific parties. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding). Nonsignatories to an agreement subject to the FAA may be bound to an arbitration clause when rules of law or equity would bind them to the contract generally. *In re Labatt Food Serv., L.P.*, 279 S.W.3d at 643. According to principals of contract and agency law, arbitration agreements may bind nonsignatories under any of six theories: (1) incorporation by reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 739.

As the party seeking to compel arbitration, it was Appellants' burden to prove the existence of a valid arbitration agreement between Albertson's and Frank. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d at 753. Therefore, Appellants must show, by rules of law or equity, that Frank was bound by the agreement even though he did not sign it. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d at 643; *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 753.

Appellants argue that Frank is bound by the arbitration agreement because Ruth signed as his agent. The marital relationship does not, in itself, make one spouse the agent of the other spouse. *Nix v. Born*, 870 S.W.2d 635, 642 (Tex. App.−El Paso 1994, no writ). There is no presumption that one spouse is the agent of the other. *III Forks Real Estate, L.P. v. Cohen*, 228

4

S.W.3d 810, 814 (Tex. App.−Dallas 2007, no pet.). An agency relationship can arise only at the will and by the act of the principal, and its existence is always a fact to be proved by tracing it to some act of the alleged principal. *See Thermo Prods. Co. v. Chilton Indep. Sch. Dist.*, 647 S.W.2d 726, 732 (Tex. App.−Waco 1983, writ ref'd n.r.e.). Appellants have not directed us to any place in the record showing proof of an agency relationship. We conclude that Frank cannot be bound by the arbitration agreement on the basis of agency.

Appellants also assert that the arbitration agreement is binding on Frank because he is a third party beneficiary under the Plan. Specifically, Appellants assert he is the beneficiary of death benefits and, as the employee's eligible spouse, would be paid death benefits resulting from a covered injury to Ruth.

The Texas Supreme Court has held that nonsignatory wrongful death beneficiaries must arbitrate wrongful death claims against an employer where the decedent signed an arbitration agreement. *In re Labatt Food Servs., L.P.*, 279 S.W.3d at 644. The court explained that the wrongful death action was entirely derivative of the decedent's right to sue for his injuries, and the wrongful death beneficiaries stood in the exact legal shoes of the decedent. *Id*. Frank, however, did not bring a wrongful death cause of action so this rationale does not apply here.

Finally, Appellants contend that the arbitration agreement is binding on Frank due to the derivative nature of Frank's claim, which stems entirely from Ruth's injuries. We disagree. Frank's lost consortium claim is derivative in the sense that he will be required to prove Appellants were liable for Ruth's injuries in order to recover damages. *See id.* at 646. But loss of consortium claims are not entirely derivative; instead they are separate and independent claims distinct from the underlying action. *Id*. Therefore, Frank does not entirely stand in Ruth's legal shoes, and is not bound by her agreement. *Id*.

Appellants have not shown any theory applicable to bind Frank to Albertson's LLC's arbitration agreement with Ruth. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 739. Therefore, the trial court did not err in determining that Frank is not bound by the arbitration agreement. We overrule Appellants' first issue.

### Unconscionability

Appellants assert that the trial court should not have considered the Kays' arguments on unconscionability and unenforceability. They argue that Texas Rule of Civil Procedure 94 requires the Kays to specifically plead those affirmative defenses. Since the Kays did not plead

theses affirmative defenses in their third amended petition or a subsequent amended pleading, they assert, these defenses have been waived.

Appellants' reliance on Texas Rule of Civil Procedure 94 is misplaced. That rule requires a party, "[i]n pleading to a preceding pleading," to "set forth affirmatively" its affirmative defenses. TEX. R. CIV. P. 94. The Kays' asserted their defenses in response to Appellants' motion to compel arbitration. A motion, an application for an order of the court to grant relief, is not the functional equivalent of a pleading. *Rupert v. McCurdy*, 141 S.W.3d 334, 339 (Tex. App.–Dallas 2004, no pet.). The Kays were not required to respond to the motion with a pleading. *See Elliott v. Elliott*, 797 S.W.2d 388, 391-92 (Tex. App.–Austin 1990, no writ). Their response, in which they argued that the arbitration agreement was unconscionable and unenforceable, adequately preserved the argument. *See* TEX. R. APP. P. 33.1(a).

In their response to Appellants' motion to compel arbitration, the Kays asserted that, in light of the disparity of bargaining power between the parties, the agreement's requirement that Albertson's LLC will choose the arbitration firm is unconscionable. They argued that the agreement gave Albertson's LLC unilateral and exclusive control over the selection of the arbitration firm while providing no mechanism for the Kays to challenge that selection. They asserted that the agreement provides them no contractual protection against bias.

Regarding selection of the arbitrator, the Plan provides as follows:

> (b) **Arbitration Procedures:** Any arbitration under this Section will be administered by a regionally recognized arbitration firm approved by the Employer.
> (1) Unless otherwise agreed to in writing by the parties, the arbitrator selected by the parties in accordance with those rules (1) shall be an attorney licensed to practice in the State of Texas with experience in personal injury litigation, and (2) shall be selected from a panel of arbitrators located in Dallas and Tarrant Counties, Texas. The arbitrator will be selected from a panel of not less than 7 arbitrators provided by the arbitration firm[.] Selection of the arbitrator shall be made in accordance with the arbitration firm's standard selection process, or if otherwise agreed, by using alternating strikes with the claimant striking first, until one arbitrator remains on the list. If the arbitrator so selected becomes unable to serve for any reason, the parties shall repeat the selection process.

The defense of unconscionability of the arbitration agreement is governed by Texas law and the burden of proving the defense is on the party opposing arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 756. The term "unconscionability" generally describes an agreement

6

that is unfair because of its overall one-sidedness or the gross one-sidedness of one of its terms. *Olshan Found. Repair Co. v. Ayala*, 180 S.W.3d 212, 214-15 (Tex. App.−San Antonio 2005, pet. denied). The crucial inquiry in determining unconscionability is whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, a forum where the litigant can effectively vindicate his or her rights. *Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 231 (Tex. 2014). That inquiry is not satisfied by speculation but by specific proof in the particular case of the arbitral forum's inadequacy. *Id.* at 232.

We acknowledge that Ruth had to accept the terms of the Plan in order to retain her job at Albertson's LLC. However, this inequality of bargaining power is not a sufficient reason to hold an arbitration agreement unenforceable. *See In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002) (orig. proceeding); *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 180 (Tex. App.−Dallas 2013, no pet.).

We disagree that the arbitration agreement gives Albertson's LLC unilateral and exclusive control over the selection of the arbitration firm or that it does not allow Ruth to challenge that selection. The Plan gives Albertson's LLC the right to *approve* an arbitration firm. It does not say that Albertson's LLC is the only party allowed to suggest which firm is to be used. The Plan specifies that the arbitrator must be a licensed, Texas attorney with experience in personal injury litigation, located in Dallas or Tarrant Counties. The Plan also allows for the parties to agree to change those requirements. The arbitration firm will provide a list of seven arbitrators and the firm's standard selection process will be used to determine the arbitrator, or the parties can agree to use alternating strikes. This arbitration selection scheme is not unconscionable on its face. *See Bonded Builders Home Warranty Ass'n of Tex. v. Rockoff*, No. 08-14-00090-CV, 2016 WL 3383461, at 8 (Tex. App.−El Paso June 16, 2016, no pet.) (held that agreement giving one party sole right to designate the pool of potential arbitration firms was not unconscionable); *Lawson v. Archer*, 267 S.W.3d 376, 384 (Tex. App.−Houston [14th Dist.] 2008, no pet.) (held that agreement that required parties to mutually agree to three neutral arbitrators from designated groups was not unconscionable).

While there is no language stating directly how the employee can participate in the firm selection process, neither does it include limiting language to prevent the employee's participation in that process. Ruth has not proven that the arbitration agreement is so one-sided as to be unfair. *See Ayala*, 180 S.W.3d at 215. Additionally, Ruth has not presented any

7

evidence of bias in the selection of the arbitrator or in the arbitral forum as a whole. We will not invalidate the arbitration agreement based on speculation of possible bias. *See Freeman*, 435 S.W.3d at 232. Finally, the FAA provides that either party may request the court to appoint an arbitrator if the parties are unable to agree. *See* 9 U.S.C.A. § 5 (Westlaw through Pub. L. No. 114-254); *Hafer v. Vanderbilt Mortg. & Fin., Inc.*, 793 F. Supp. 2d 987, 1008 (S.D. Tex. 2011). We conclude that Ruth did not meet her burden to prove that the arbitration agreement is unconscionable. We sustain Appellants' third issue.[2]

## DISPOSITION

We *affirm* the portion of the trial court's order denying Appellants' motion to compel arbitration as to Frank Kay. We *reverse* the portion of the trial court's order denying Appellants' motion to compel arbitration as to Ruth Kay. We *remand* this case to the trial court for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered February 8, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] Due to our disposition of issues one and three, we need not reach issues two and four. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 8, 2017**

**NO. 12-16-00181-CV**

**ALBERTSON'S HOLDINGS, LLC, ALBERTSON'S, LLC,
AND NEW ALBERTSON'S, INC.,**
Appellants
V.
**RUTH KAY AND FRANK KAY,**
Appellees

Appeal from the County Court at Law No. 2
of Gregg County, Texas (Tr.Ct.No. 2014-0537-CCL2)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the order of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order denying Albertson's Holdings, LLC, Albertson's, LLC, and New Albertson's, Inc.'s motion to compel **RUTH KAY** to arbitration is **reversed** and the cause is **remanded** to the trial court for further proceedings in accordance with this court's opinion.

It is FURTHER ORDERED, ADJUDGED and DECREED that the trial court's order is **affirmed** in all other respects.

It is further ORDERED that all costs of this appeal are hereby adjudged against the party incurring same; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*