# NO. 12-19-00239-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: GARY BOYD, M.D.,* | § | |
| *MATTHEW APPLEGATE, ACNP, AND* | | |
| *TYLER GASTROENTEROLOGY* | § | *ORIGINAL PROCEEDING* |
| *ASSOCIATES, P.A.,* | | |
| *RELATORS* | § | |

### *MEMORANDUM OPINION*

Relators, Gary Boyd, M.D., Matthew Applegate, A.C.N.P., and Tyler Gastroenterology Associates, P.A., filed this original proceeding to challenge Respondent's failure to grant their motion to abate.[1] We deny the writ.

### BACKGROUND

On August 21, 2018, Real Party in Interest, Thomas Sorrells, as next friend of Baby E.S., a minor, and on Behalf of the Estate of Lou'Racheal Corie Stinson, sued Relators, alleging negligence and gross negligence. According to the petition, Stinson, Sorrells's sister, was a patient of Boyd's, Applegate worked with Boyd and examined Stinson, and Tyler Gastroenterology employed Applegate and Boyd. The petition alleged that Stinson died of complications from pancreatitis and likely duodenal perforation. Sorrells alleged that Boyd's treatment led to Stinson's death, Boyd has a history of malpractice, and Tyler Gastroenterology is jointly and severally liable for Boyd's actions. Stinson was twenty-one years old at the time of her death and was survived by her daughter, Baby E.S. Sorrells sought damages, including those under the Wrongful Death and Survival Acts.

The record contains a March 2018 notice of claim letter from Sorrells to Relators pursuant to Section 74.051 of the civil practice and remedies code. The attached authorization

---

[1] Respondent is the Honorable Joe D. Clayton, assigned judge to the 114th District Court in Smith County, Texas.

form lists Boyd, Tyler Gastroenterology, ETX Successor Tyler f/k/a East Texas Medical Center (ETMC), and Ardent Health Services d/b/a UT Health Tyler, successor-in-interest to ETMC as Stinson's health care providers for the previous five years. In a subsequent response to a request for interrogatories, Sorrells stated that he did not know Stinson's health care providers from the previous ten years, other than those at issue in the lawsuit and her OB/GYN.

In May 2019, Sorrells filed a motion to compel discovery responses and, on May 16, the court coordinator sent a notice setting a hearing for June 21 to address "all pending motions pertaining to discovery." On June 11, Relators filed a motion for mandatory statutory abatement. They argued that Sorrells failed to provide a complete list of Stinson's health care providers for the five years preceding her death in accordance with the civil practice and remedies code. According to Relators, the civil practice and remedies code requires a notice of claim letter and properly executed authorization form for the release of protected health information and the failure to provide a properly executed authorization form mandated a sixty-day abatement of the case. Relators requested that the motion be set for a June 14 hearing, but the record does not reflect that Respondent set the motion for a hearing.

At the June 21 hearing, Sorrells's counsel argued that the motion to abate had not been set for June 21. Respondent initially indicated that the motion to abate should be heard before the motion to compel, but subsequently agreed with Sorrells, stating, "I think that's correct. When the order went out, it was pending motions at that time…. Let's go ahead and hear the motion to compel set for today." Relators' counsel asserted abatement in response to the motion to compel and urged that the issue was properly before the court. The record does not indicate that Respondent ruled on the motion to abate either at the June 21 hearing or thereafter.

On June 24, Relators filed their petition for writ of mandamus with this Court and we granted their request for a stay of the trial court proceedings pending further order of this Court. On July 2, Sorrells provided a new authorization form, which again listed Boyd, Tyler Gastroenterology, ETX Successor Tyler f/k/a ETMC, and Ardent Health Services d/b/a UT Health Tyler as Stinson's health care providers for the previous five years. However, the form added Dr. Yasser F. Zeid, Zeid's Women's Health Center, CHRISTUS Good Shepherd Medical Center, and CHRISTUS Trinity Mother Frances Urgent Care as physicians or health care providers possessing health care information concerning Stinson to whom the authorization does not apply because such health care information is not relevant to the damages being claimed or to

2

the physical, mental, or emotional condition of Stinson arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

Mandamus is warranted when a trial court's order thwarts the important public policies embodied in Section 74.052(c) of the civil practice and remedies code, which addresses the medical authorization form requirement. *See In re Collins*, 286 S.W.3d 911, 920 (Tex. 2009) (orig. proceeding) (if Legislature intended to provide health care liability defendants with informal, expedited means of evaluating merits of a health care claimant's claims, then trial court's protective order, which barred defendants from having ex parte communications with plaintiff's non-party medical providers, undermines that purpose); *see also In re Dentistry of Brownsville, P.C.*, No. 13-13-00250-CV, 2013 WL 2470760, at *1 (Tex. App.—Corpus Christi June 4, 2013, orig. proceeding) (mem. op.) (reviewing by mandamus trial court's denial of motion to abate for failure to comply with Sections 74.051 and 74.052); TEX. CIV. PRAC. & REM. CODE ANN. § 74.052 (West Supp. 2018).

## ABUSE OF DISCRETION

Relators contend that Respondent abused his discretion by (1) refusing to hold a hearing on abatement, which Relators argue pertains to discovery, or to hear the motion to abate at the June 21 hearing before considering the motion to compel, and (2) failing to abate the case based on an incomplete authorization form, dated March 2018, in violation of Section 74.052(a) of the civil practice and remedies code. Because Sorrells provided a new authorization form on July 2, Relators contend that they are now entitled to abatement under Section 74.052(b). They complain that the new form "purports to exempt medical providers from discovery, but does not

3

meet the requisites for doing so." Relators ask this Court to grant mandamus such that abatement is effective on June 21, 2019, at the latest.

**Applicable Law**

Any person asserting a health care liability claim shall give written notice of such claim to each physician or health care provider against whom such claim is being made. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2017). The notice must include the authorization form for release of protected health information. *Id*. "Together, the notice and medical authorization form encourage presuit investigation, negotiation, and settlement of health care liability claims." *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "By requiring the disclosure of relevant health care information, both verbal and written, the statute furthers 'full, efficient, and cost effective discovery.'" *Collins*, 286 S.W.3d at 916 (quoting *In re Collins*, 224 S.W.3d 798, 803 (Tex. App.—Tyler 2007, orig. proceeding)).

Section 74.052 requires that the authorization form contain the following:

2. The health information and billing records in the custody of the following physicians or health care providers who have examined, evaluated, or treated _____ (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim.
Names and current addresses of treating physicians or health care providers, if applicable:
1._____
2._____
3._____
4._____
5._____
6._____
7._____
8._____

TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c)(B)(2) (West Supp. 2018). Under Section 74.052(a), the failure to provide the authorization form, along with the notice of health care claim, "shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization." *Id*. § 74.052(a); *see Potts v. Walgreen Co.*, No. 3:17-CV-2575-B, 2018 WL 1046626, at *10 (N.D. Tex. Feb. 26, 2018) (mem. op.) (Walgreen Co. entitled to sixty-day abatement of case where authorization failed to comply with Section 74.052); *see also Rojas v.*

4

***Teva Pharm. USA, Inc.***, No. M-12-193, 2012 WL 12894739, at \*2 (S.D. Tex. Sept. 18, 2012) (mem. op.) ("failure to provide the required medical authorization gives the medical provider the right to abate the suit until 60 days after receipt of same").

**Analysis**

For two reasons, we conclude that Relators' petition for writ of mandamus must fail. First, we agree with Sorrells that a reasonable time for ruling on the motion to abate has not passed. "Trial courts are generally granted considerable discretion when it comes to managing their dockets." ***In re Conner***, 458 S.W.3d 532, 534 (Tex. 2015). A trial court has a reasonable time to perform its ministerial duty of considering and ruling on a motion. ***In re Brumbalow***, 281 S.W.3d 718, 719 (Tex. App.—Waco 2009, orig. proceeding). Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." ***In re Chavez***, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. at 228-29.

Here, Relators filed their motion to abate on June 11, 2019. The previously scheduled hearing occurred only ten days later, and Relators filed the current proceeding three days after the hearing. At the hearing, Respondent initially expressed that abatement should be considered before the motion to compel, but later acknowledged Sorrells's right to provide briefing on the issue. Only three days after the hearing, Relators filed their petition for writ of mandamus. The short time frame between June 11 and June 24 is not the type of delay as to be clearly unreasonable, such that mandamus relief is warranted. *See **In re Halley**,* No. 03-15-00310-CV, 2015 WL 4448831, at \*1 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (declining to hold that four or six month delay is an unreasonable amount of time for motion to remain pending); *see also **In re Querishi**,* No. 14-13-00300-CV, 2013 WL 1845770, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 30, 2013, orig. proceeding) (declining to hold that delay from February 4, 2013, to April 5, 2013, is per se unreasonable); ***In re Nash**,* No. 06-11-00197-CR, 2011 WL 4452405, at \*1 (Tex. App.–Texarkana Sept. 27, 2011, orig. proceeding) (mem. op.) ("Four weeks' elapsed time is not unreasonable"). And the record plainly does not demonstrate an overt refusal to act on the motion.

5

Relators' maintain that Respondent effectively denied their motion to abate by proceeding to hear and rule on the motion to compel at the June 21 hearing. We disagree. In some cases, such as those cited by Relators, a trial court's actions may constitute an effective denial. *See Parker v. Barefield*, 206 S.W.3d 119, 121 (Tex. 2006) (plaintiffs' request for leave to amend pleadings effectively denied when trial court granted special exceptions and dismissed case with prejudice); *see also Albertson's Holdings, LLC v. Kay*, 514 S.W.3d 878, 882 (Tex. App.—Tyler 2017, no pet.) (trial court effectively denied motion to compel arbitration by finding that the arbitration selection process in the Workplace Injury Benefit Plan is sufficiently shocking and/or gross, the arbitration clause is substantively unconscionable, the issue of whether the arbitration clause is substantively unconscionable cannot be delegated to the arbitrator, and the plaintiff spouse could not be held bound to an arbitration clause contained within a Plan to which he did not agree to be bound). Respondent's ruling on the motion to compel discovery responses is not the type of conclusive ruling, such as dismissing a case or denying arbitration, that results in an effective denial of the motion to abate. The ruling does not preclude Relators from continuing to pursue their claim for abatement in the trial court. And, the record does not reflect a refusal to rule on the motion to abate as opposed to deferring a ruling until the issue could be fully briefed for a hearing thereon. We simply cannot imply a denial of the motion to abate from Respondent's ruling on the motion to compel.

Second, the path to abatement has now changed because Sorrells's replacement form modified the original by adding providers allegedly excluded from the authorization. The new authorization form is dated July 2, 2019, and was provided, via email, to Relators' counsel that same day. Under the plain language of Section 74.052(b), when an authorization is modified or revoked, as in the present case, the physician or health care provider "*shall have the option to abate all further proceedings until 60 days following receipt of a replacement authorization* that must comply with the form specified by this section." TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(b) (emphasis added). Given that the original form has been modified, Section 74.052(b), as opposed to Section 74.052(a), now comes into play and gives Relators the option of abating the trial court proceedings. Clearly, Respondent has not yet had an opportunity to rule on a motion to abate based on the modified form and Section 74.052(b).

In their reply brief, Relators invoke the Section 74.052(b) abatement, stating, "for independent grounds that did not exist at the time of the filing of the Petition, this case must be

abated." They maintain that the new authorization is deficient, which may lead to another mandamus proceeding and "will assuredly impact the duration of the abatement going forward," and they seek a determination that the new form is deficient. They assert that this Court may now remand the matter to Respondent for implementation of the Section 74.052(b) abatement. But, Relators also contend that issues remain regarding when abatement should have issued under Section 74.052(a), how long abatement should last, and reconsideration of Respondent's rulings on the motion to compel and the expert designation deadline.

However, mandamus is available only to correct a clear abuse of discretion. *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003). Again, Respondent has not had a reasonable time within which to rule on the motion to abate. Nor will this Court consider issues on mandamus, such as the sufficiency of the new authorization and the availability of abatement under Section 74.052(b), that Respondent has not first had an opportunity to review. *See In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address"). It would be difficult to conclude, absent circumstances that were highly unusual or that made a ruling void, that a trial court could abuse its discretion in making a ruling, or failing to make a ruling, for a reason that was never presented to the court. *See In re Bank of Am., N.A.*, No. 01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) (mem. op. on reh'g); *see also In re Greyhound Lines, Inc.*, No. 05-14-01164-CV, 2014 WL 5474787, at *3 (Tex. App.—Dallas Oct. 29, 2014, orig. proceeding) (mem. op.) ("We cannot mandamus a judge without giving her a chance to rule on the objections").

Based on the foregoing, we conclude that Relators cannot establish an abuse of discretion.[2] Thus, they are not entitled to mandamus relief.[3]

## DISPOSITION

For the reasons explained above, we *vacate* our stay of June 24, 2019, and *deny* Relators' petition for writ of mandamus. We *deny* Sorrells's request for sanctions.

---

[2] Given our disposition of this proceeding, and particularly in light of the newly filed authorization form, we need not address Sorrells's argument that Relators waived their claim for abatement by waiting over a year from receipt of the March 2018 notice and authorization to file their original motion to abate. *See* TEX. R. APP. P. 47.1.

[3] We trust that Respondent will promptly rule on Relators' claim for abatement.

**B<span>RIAN</span> H<span>OYLE</span>**
Justice

Opinion delivered August 21, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2019**

**NO. 12-19-00239-CV**

**GARY BOYD, M.D., MATTHEW APPLEGATE, ACNP, AND
TYLER GASTROENTEROLOGY ASSOCIATES, P.A.,**
Relators
V.

**HON. JOE D. CLAYTON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Gary Boyd, M.D., Matthew Applegate, ACNP, and Tyler Gastroenterology Associates, P.A.; who are the relators in appellate cause number 12-19-00239-CV and defendants in trial court cause number 18-1913-B, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 24, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**. The June 24, 2019, stay is *lifted*.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

9