# NO. 12-22-00294-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:  JOHN T. HARPOLE AND* | § | |
| *LENETTE A. KMIECIK,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

John T. Harpole and Lenette A. Kmiecik, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on a Rule 306a motion.[1]  We deny the writ.

## BACKGROUND

Relators filed a notice of appeal from a judgment of dismissal dated May 31, 2022. Because they did not timely file a post judgment motion and filed an untimely request for findings of fact and conclusions of law, their notice of appeal was due on or before June 30. They filed a notice of appeal on August 5. In response to our jurisdictional notice, Relators maintained that notice of the judgment was not served until approximately July 5.  The docketing statement reflected that Relators filed a motion pursuant to Texas Rule of Civil Procedure 306a.[2]

---

[1] Respondent is the Honorable Keli Michelle Aiken, Judge of the 354th District Court in Rains County, Texas.  The Rains County Appraisal District is the Real Party in Interest.

[2] Under Rule 306(a), if within twenty days after a judgment or other appealable order is signed, an adversely affected party or its attorney has neither received the notice required by Rule 306a(3) nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in Rule 306a(1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. TEX. R. CIV. P. 306a(4). To establish the application of Rule 306a(4), the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. TEX. R. CIV. P. 306a(5). Compliance with Rule 306a(5)'s requirements is jurisdictional. ***Carney v. Holder***, No. 12-13-00024-CV, 2014 WL 3939915, at *2 (Tex. App.—Tyler Aug. 13, 2014, no pet.) (mem. op.).

But Relators had not provided this Court with an order establishing the date they received notice or acquired actual knowledge of the May 31 order. Relators likewise filed a motion to dismiss the appeal. Accordingly, we dismissed the appeal.[3]

Relators subsequently filed a motion, which we construed as a motion for rehearing. Relators submitted that they filed a Rule 306a motion on September 6, 2022, and Respondent scheduled a hearing for October 5. This Court granted the motion for rehearing and the appeal is currently pending in appellate cause number 12-22-00221-CV. Relators filed this original proceeding on November 9.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

"A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). "In proper cases, mandamus may issue to compel the trial court to act." *Id*.

## ABUSE OF DISCRETION

Relators maintain that they provided Respondent with documents at the October 5 hearing, which show that they received notice of the May 31 order on July 5. They further maintain that they provided Respondent with a proposed order, subsequently checked with Respondent's office for a ruling, and learned on October 31 that Respondent would not be signing the proposed order. Thus, Relators seek an order compelling Respondent to sign an order determining when Relators received notice of the May 31 order.

---

[3] *See* **Harpole v. Rains Cty. Appraisal Dist.**, No. 12-22-00221-CV, 2022 WL 4393028 (Tex. App.—Tyler Sept. 22, 2022, no pet.) (per curiam) (mem. op.).

"Trial courts are generally granted considerable discretion when it comes to managing their dockets." *In re Conner*, 458 S.W.3d 532, 534 (Tex. 2015) (per curiam) (orig. proceeding). A trial court has a reasonable time to perform its ministerial duty of considering and ruling on a motion. *In re Brumbalow*, 281 S.W.3d 718, 719 (Tex. App.—Waco 2009, orig. proceeding). Whether the trial court has had a reasonable time within which to rule depends on the circumstances of each case, and "no bright-line demarcates the boundaries of a reasonable time period." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). "Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. at 228-29.

Here, Relators filed their Rule 306a motion on September 6, 2022, Respondent held a hearing on October 5, the record suggests that Relators furnished a proposed order on October 20, and Relators filed their petition for writ of mandamus on November 9. The time frame from October 5 to Relators' seeking mandamus relief is relatively short and is not the type of delay as to be clearly unreasonable, such that mandamus relief is warranted. *See In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015, orig. proceeding) (mem. op.) (declining to hold that four or six month delay is an unreasonable amount of time for motion to remain pending); *see also In re Moffitt*, No. 07–13–0041–CV, 2013 WL 625727, at *1 (Tex. App.–Amarillo Feb. 20, 2013, orig. proceeding) (per curiam) (mem. op.); *Blakeney*, 254 S.W.3d at 662. And Respondent's refusal to sign Relators' proposed order is not tantamount to an overt refusal to act on the motion itself. Accordingly, we conclude that at this juncture, Respondent has not had a reasonable time in which to rule on Relators' Rule 306a motion.[4]

## DISPOSITION

Because a reasonable time for ruling on Relators' Rule 306a motion has not passed, Relators are unable to demonstrate an abuse of discretion. We ***deny*** the petition for writ of mandamus.

---

[4] The appellate rules require that after a hearing on a Rule 306a motion, the "trial court *must* sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX. R. APP. P. 4.2(c) (emphasis added). Thus, we trust Respondent will rule on Relators' motion within a reasonable time.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 7, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 7, 2022**

**NO. 12-22-00294-CV**

**JOHN T. HARPOLE AND LENETTE A. KMIECIK,**
Relator
V.

**HON. KELI MICHELLE AIKEN,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by John T. Harpole and Lenette A. Kmiecik; who are the relators in appellate cause number 12-22-00294-CV and parties to trial court cause number 11157, formerly pending on the docket of the 354th Judicial District Court of Rains County, Texas. Said petition for writ of mandamus having been filed herein on November 9, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*